378 So.2d 7 (1979)
Kathy York RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 79-870.
District Court of Appeal of Florida, Second District.
October 31, 1979.
Rehearing Denied December 5, 1979.
*8 Jack O. Johnson, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Kathy York Rodriguez appeals conditions of her probation prohibiting marriage, pregnancy and custody of children, alleging they are overly restrictive, overbroad and in violation of her fundamental constitutional rights. We hold the first two conditions to be invalid.
Appellant entered a plea of nolo contendere to a charge of aggravated child abuse. The factual basis offered for the plea indicated that appellant hit her nine-year old child about the face and hit the child against an automobile, causing bruises. Counsel further recited that appellant had psychological and alcohol-induced problems at the time of the offense.
The court placed Rodriguez on probation for ten years, with special conditions of probation that appellant not possess or consume alcoholic beverages, not have custody of any children, and not become pregnant. The court added the condition that she not marry without its consent, noting that permission would not be granted to marry someone with young children. The court entered an order reciting these conditions, and appellant attacks the judgment and sentence on appeal.
Appellant argues that she has a fundamental right to procreation, marriage and custody of her children,[1] which she urges is not here overridden by any compelling state interest.[2] Noting that her marital status has no relationship to child abuse, appellant suggests that a family unit is more conducive to the rehabilitative purposes of probation. Appellant contends that the conditions are overbroad in proscribing more conduct *9 than is necessary to avoid further abuse of the child.[3]
On the other hand, the State argues that the conditions are reasonable and absolutely necessary to protect appellant's children. Any resulting limitation on the constitutional rights of appellant is thought by the State to be permissible, as such rights may be limited by conditions pertaining to probation when no alternative means are available to accomplish the desired end. State v. Heath, 343 So.2d 13 (Fla. 1977). The State further argues that appellant has no right to birth children to be placed for adoption, and would have no right, as a prisoner, to marry without consent of the court.[4]
We note initially that the constitutional rights of probationers are limited by conditions of probation which are desirable for the purposes of rehabilitation. The Fourth Amendment prohibition of unreasonable searches and seizures and the Fifth Amendment privilege against self-incrimination are qualified by probationary status. See Grubbs v. State (Fla. 1979), 373 So.2d 905, 907-908. Likewise, First Amendment rights of free speech and association may be limited by valid probationary conditions. Malone v. United States, 502 F.2d 555 (9th Cir.1974); Porth v. Templar, 453 F.2d 331 (10th Cir.1971). We thus have no constitutional difficulty with the conditions imposed, if they are otherwise valid conditions of probation.
The statutory authorization for imposition of probation merely provides that "(t)he court shall determine the terms and conditions of probation... ." Section 948.03(1), Fla. Stat. (1977). As previously noted, this court has held "overbroad" a condition of probation which prohibited the probationer from living with any female relative. Mays v. State, 349 So.2d 792 (Fla.2d DCA 1977). One of our sister courts has held a condition of probation that the probationer marry to be "beyond the trial court's authority." Michalow v. State, 362 So.2d 456 (Fla.4th DCA 1978). The Florida Supreme Court has noted that a trial court may impose any valid condition of probation which serves a useful rehabilitative purpose. Hines v. State, 358 So.2d 183, 185 (Fla. 1978). Trial courts have broad discretion to impose various conditions of probation, but a special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation. Coulson v. State, 342 So.2d 1042 (Fla.4th DCA 1977); Kominsky v. State, 330 So.2d 800 (Fla.1st DCA 1976).
The standard imposed in the above cases for evaluation of probation conditions, that of relationship to rehabilitation, finds support also in relevant standards published by the ABA, which provide:
Conditions imposed by the court should be designed to assist the probationer in leading a law-abiding life. They should be reasonably related to his rehabilitation and not unduly restrictive of his liberty or incompatible with his freedom of religion.
Institute of Judicial Administration, Standards Relating to Probation, § 3.2(b) (1970). See Inman v. State, 124 Ga. App. 190, 183 S.E.2d 413 (Ct.App.Ga. 1971).
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. People v. Lent, 15 Cal.3d 481, 124 Cal. Rptr. 905, 541 P.2d 545 (1975); State v. Livingston, 53 Ohio App.2d 195, 372 N.E.2d 1335 *10 (Ct.App. 1976); State v. Means, 257 N.W.2d 595 (S.D. 1977). See Russell v. State, 342 So.2d 96 (Fla.3d DCA 1977).
Applying these criteria to the instant case, we hold that the condition prohibiting custody of children has a clear relationship to the crime of child abuse and is therefore valid. The conditions relating to marriage and pregnancy[5] have no relationship to the crime of child abuse, and relate to noncriminal conduct.[6] Possibly these conditions could relate to future criminality, if the marriage or pregnancy resulted in custody of minor children who could be abused. But we hold that the conditions are not reasonably related to future criminality, since such custody of minor children is already prohibited by the valid condition directly addressed to custody. The conditions prohibiting marriage and pregnancy add nothing to decrease the possibility of further child abuse or other criminality.
We hold these conditions invalid, and REMAND with instruction for the trial court to strike those conditions of probation numbered 13, 14 and 15. The judgment and sentence is otherwise AFFIRMED.
BOARDMAN, Acting C.J., and OTT, J., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Appellant petitions for clarification, alleging that this court failed to address her ability to maintain custody of the child expected to result from her pregnancy. Appellant suggests that condition (12) of her probation, prohibiting custody of any children, does not apply to the expected child because that child was conceived prior to the probation order.
We grant the petition for clarification to the extent of the following comments.
We held the condition prohibiting custody of any children by petitioner to be a valid condition of probation and thus the condition applies to custody of any children by petitioner, regardless of when the child was or will be born. Consequently, the prohibition applies to custody of appellant's expected child during the term of probation.
BOARDMAN, Acting C.J., and OTT and RYDER, JJ., concur.
NOTES
[1] Appellant cites Skinner v. Oklahoma, 315 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), which invalidated a statute authorizing sterilization of habitual offenders, on equal protection grounds, when certain similar crimes were not similarly punished; and Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967), which held invalid a state statute prohibiting interracial marriages, on grounds of equal protection and due process.
[2] Appellant asserts that when a fundamental right is involved, the state must show a compelling interest to infringe on the right, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). In Roe, the court balanced the fundamental right to privacy of a woman's decision whether or not to terminate pregnancy against state interest to limit that right to safeguard health and potential life.
[3] We held a condition of probation to be overbroad and invalid in Mays v. State, 349 So.2d 792 (Fla.2d DCA 1977). The challenged condition in Mays was that the probationer not live with a person of the opposite sex. We found the condition overbroad because it prevented the probationer from living with his mother or any other female relative.
[4] A federal district court has held constitutional a state statute prohibiting life term prisoners from participating in marriage ceremonies. Johnson v. Rockefeller, 365 F. Supp. 378 (S.D.N.Y. 1973). The court noted the deprivation of physical liberty is not the sole permissible consequence of criminal conviction.
[5] We note in a probation report contained in the record appellant was later found to have been eight weeks pregnant at the time of sentencing. Under similar circumstances, an Ohio court invalidated the condition as violative of the constitutional right to privacy. State v. Livingston, 53 Ohio App.2d 195, 372 N.E.2d 1335 (Ct.App. 1976).
[6] We note that pregnancy might be considered evidence of criminal conduct if the probationer were not married. Section 798.03, Fla. Stat. (1977). See Mays v. State, 349 So.2d 791 (Fla.2d DCA 1977). But there is no criminal illegality attached to the status of pregnancy. Only conduct may be punished by criminal sanction. See Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968).