411 So.2d 1391 (1982)
Polly Leigh BODDEN, Appellant,
v.
STATE of Florida, Appellee.
No. AE-252.
District Court of Appeal of Florida, First District.
April 8, 1982.
Louis O. Frost, Jr., Public Defender, and Edward D. Porter, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant raises in this appeal the sole issue of whether one of the conditions imposed on her by the probation order is valid. Having reviewed the record and the applicable law, we conclude that it is not.
Since the purpose of probation is rehabilitation, Kominsky v. State, 330 So.2d 800 (Fla. 1st DCA 1976), the propriety of a special condition of probation must be evaluated in terms of whether it is reasonably related to rehabilitation. As set forth in Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979):
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
378 So.2d at 9.
While we understand the concerns of the trial judge which prompted his imposition of the special condition, we are of the opinion that those concerns were not focused on the issue of Bodden's rehabilitation as measured by the Rodriguez test. Thus, denial of Bodden's motion to strike special condition twelve (12) was error.
Accordingly, we hereby strike condition twelve (12) from the order of probation. The "Judgment of Guilt and Placing Defendant on Probation," is otherwise AFFIRMED.
BOOTH and SHIVERS, JJ., concur.