504 So.2d 796 (1987)
Ray HUSSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2616.
District Court of Appeal of Florida, Second District.
April 1, 1987.
*797 James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals the conditions of probation and community control and the order of restitution.
Appellant was charged in five separate informations with two offenses of possession of a machine gun, one offense of delivery of cocaine and two offenses of carrying a concealed firearm. He pled nolo contendere to all five charges, was adjudicated guilty of each offense and sentenced within the guidelines recommended range of two years' community control for delivery of cocaine to run concurrently with concurrent five-year terms of probation in the remaining cases.
In addition, as conditions of probation the court ordered appellant to refrain from engaging in carnival work and ordered him to pay restitution in the amount of $3,662.44 to the Florida Department of Law Enforcement (FDLE) for the costs of investigating appellant's criminal activities.
Appellant raises three points on appeal, one of which we will discuss.
First, appellant argues that the trial court's order prohibiting him from work in the carnival business as a condition of community control and probation is not related to his rehabilitation and is therefore contrary to section 948.03(1), Florida Statutes (1985). We agree. We do not believe that restraining appellant from participating in the carnival business which has been his sole livelihood for a considerable number of years can be considered to be reasonably related to the rehabilitation of appellant. In addition to being in the carnival business as stated, he has no prior criminal record. Moreover, as appellant points out, carnival work is not related to the crimes with which he was charged, nor is the carnival business itself criminal activity. This condition of probation, in our view does not meet the test as enumerated in Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). See also McPike v. State, 473 So.2d 291 (Fla. 2d DCA 1985). In Rodriguez this court held, inter alia, that a condition of probation is invalid if it:
(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
378 So.2d at 9.
We have considered the state's argument that because a carnival travels from place to place it is incompatible with the concept of community control. Once again, we cannot agree because it is well known that probationers upon request and for good cause shown can have their case transferred elsewhere. We find the state's position to be without merit under the factual circumstances of this case. Accordingly, we reverse the court's order prohibiting appellant from engaging in the carnival business.
Appellant failed to object below to the order of restitution. Consequently, we do not reach the issues related to restitution. See Pettway v. State, 502 So.2d 1366 (Fla. 2d DCA 1987); Spivey v. State, 501 So.2d 698 (Fla. 2d DCA 1987).
We remand with instruction to strike the condition of probation prohibiting appellant from working in the carnival business. The order of restitution is affirmed.
DANAHY, C.J., LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.