WENTWORTH, Judge.
Appellant seeks review of an order by which she was placed on probation for two years with the condition that she have no contact with an individual who is the father of her child. She argues that the special condition of probation is overly broad and not reasonably related to the rehabilitative purpose of probation. Because we find that the condition is not directed against appellant in a custodial context, we affirm.
Appellant was arrested and charged with aiding the escape of inmate Marion Thomas Tye from jail. At the time of appellant’s *1121 arrest, she and Tye were living together. He was subsequently apprehended and incarcerated. Following entry of appellant’s nolo contendere plea, the court adjudicated her guilty and placed her on probation for a period of two years with the condition that she have no contact with Tye during the probation period. At the sentencing hearing, defense counsel objected to the condition on the ground that Tye was the father of appellant’s soon to be born child. At defense counsel’s request, the court permitted appellant to see Tye one more time to tell him she would be unable to see him during her probation.
We construe the condition of probation as directed against appellant individually with the intention of preventing her further assistance to Tye, who is now incarcerated, rather than as a restriction against contact between the child and its purported father.[1] As such, the condition is reasonably related to the goal of rehabilitation. See Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
We therefore affirm the order.
SMITH, C.J., and «TOANOS, J., concur.

. Although the sentencing hearing transcript may indicate that the trial judge sought to prohibit the child from being in the same environment with the purported father, we do not construe the order thus,