RYDER, Acting Chief Judge.
Appellant challenges his conviction of and sentence for sale of cocaine. His first point on appeal argues that his conviction should be reversed and the cause remanded for a new trial because the state was allowed to introduce evidence of an unrelated crime and of appellant’s prior marijuana use. Appellant admits that the evidence went unobjected to at trial, but urges us to find fundamental error.
No citation is needed for the proposition that all errors except fundamental errors are waived on appeal unless timely raised in the trial court. We do not find fundamental error in the present case. See Barker v. State, 518 So.2d 450 (Fla. 2d DCA 1988) for a discussion of fundamental error doctrine. We affirm appellant’s conviction.
Appellant’s other point on appeal challenges the costs imposed in the written judgment and the restitution in the amount of $90.00 imposed at the sentencing hearing. Costs were not orally pronounced at the sentencing hearing, so appellant had no opportunity to object.
Costs imposed under section 27.3455, Florida Statutes (1985), are stricken. The crime occurred on June 6,1985, prior to the *116 effective date of the statute. State v. Yost, 507 So.2d 1099 (Fla.1987). Costs imposed pursuant to sections 960.20, 943.25(4) and 943.25(8), Florida Statutes (1983), are stricken. The record reflects that the costs under these sections were imposed absent the procedural requirements of Jenkins v. State, 444 So.2d 947 (Fla.1984).
Appellant’s failure to object to restitution when orally pronounced by the trial court precludes our review of that issue. Gemme v. State, 508 So.2d 533 (Fla. 2d DCA 1987); Hussey v. State, 504 So.2d 796 (Fla. 2d DCA 1987).
We affirm the conviction and the order of restitution. We reverse and strike the imposition of costs and remand for correction of the written judgment accordingly. Appellant need not be present for the corrections.
Affirmed in part, reversed in part and remanded with instructions.
FRANK and HALL, JJ., concur.