618 So.2d 734 (1993)
Benjamin BILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 80613.
Supreme Court of Florida.
May 20, 1993.
Richard L. Jorandby, Public Defender and Robert Friedman, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen. and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
We review Biller v. State, 604 So.2d 16 (Fla. 4th DCA 1992), because of its conflict with Stonebraker v. State, 594 So.2d 351 (Fla. 2d DCA 1992), Wilkinson v. State, 388 So.2d 1322 (Fla. 5th DCA 1980), and Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Biller was convicted of carrying a concealed firearm and carrying a concealed weapon and was placed on probation with the special condition that he not use or possess alcoholic beverages. In rejecting Biller's objection to this condition, the trial judge reasoned that he "should refrain from the ingestion of any alcohol in order not to be in a position in which his judgment would be impaired which would cause him to repeat the activities for which he now stands convicted which results in impaired judgment under these circumstances."
The district court of appeal acknowledged that there was nothing in the record suggesting any relationship between Biller's behavior and the use of alcohol. Notwithstanding, the court upheld the challenged condition. The court concluded that in the exercise of discretion the trial judge could properly require abstinence from the use or possession of alcohol as a tool in rehabilitation.
In Rodriguez, the Second District Court of Appeal noted that constitutional rights of probationers are limited by conditions of probation which are desirable for purposes of rehabilitation. The court stated:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids *735 conduct which is not reasonably related to future criminality.
Rodriguez, 378 So.2d at 9. Accord Wilkinson. In Stonebraker, the court invalidated a condition of probation relating to the use of alcohol or visiting premises upon which alcohol or intoxicants were sold. However, the opinion only gave as a reason that such conditions were unrelated to the crime for which the defendant had been convicted and made no reference to the other two circumstances under which Rodriguez would permit a condition to be imposed.
We believe that Rodriguez correctly states the law with respect to special conditions imposed upon individual probationers.[1] While the judge need not make a finding, a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez. With respect to Biller, there was nothing connecting any use of alcohol with the crimes with which he stands convicted, and the use of alcohol by adults is legal. Furthermore, there was nothing in the record, such as information in a presentence investigation report, which would suggest that Biller has a propensity towards alcohol or that his judgment becomes impaired as a consequence of using it. Therefore, this condition of probation could not be legally imposed.
We quash the decision below with directions to strike the prohibition against the use or possession of alcohol as a condition of Biller's probation.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] There are many general conditions imposed upon most, if not all, probationers which are broadly directed toward supervision and rehabilitation. The requirements of Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), are not applicable to these conditions.