635 So.2d 1005 (1994)
Cyrus L. McCARTHREN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2143.
District Court of Appeal of Florida, Fifth District.
April 22, 1994.
James B. Gibson, Public Defender and James T. Cook, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Dan Haun, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
The appellant was tried before a jury and convicted of two offenses: grand theft third degree[1] and resisting merchandise recovery.[2] He was adjudicated guilty and sentenced. He received a sentence of one year in the Orange County Jail followed by a two year drug offender probation as to each case. The sentences are to run concurrently. The appellant only appeals the two year drug offender probation condition because it is not supported by the record on appeal. We affirm the judgment, sentence and the special condition that he serve two years drug offender probation.
The appellant was sentenced immediately after his jury trial. The trial judge had a guideline scoresheet. At the time of his sentencing, his trial counsel requested that the appellant be allowed to participate in the Phoenix Program at the Orange County Jail because that would help him with his restitution.[3] The trial judge acquiesced and placed *1006 the appellant in the program. The trial judge completed the sentencing by explaining the conditions of probation:
THE COURT: The probation will be drug offender probation; he will be evaluated for a drug offender program under the drug offender and alcohol offender programs.
You are going to be required from time to time, Mr. McCarthren, to provide to your probation officer either a urine sample or a blood or breath sample in order to determine the presence of cocaine, alcohol or any other illegal drugs; that will be at your expense. Cost of supervision is waived; court costs, $255; and as I said, there's 142 days credit time served.
Neither the appellant nor his trial counsel voiced an objection to any of the conditions of probation at that time. Later, when the trial counsel filed post-trial motions, there were no objections to any of the conditions of probation. The first time an objection appears to any condition of probation is on appeal.
In Biller v. State, 618 So.2d 734 (Fla. 1993), the Florida Supreme Court held that there must be a nexus between a condition of probation and the crime committed by the offender. When a question is raised concerning the relevancy of the condition, the record must support the imposition of the condition. Larson v. State, 572 So.2d 1368 (Fla. 1991), also requires a contemporaneous objection unless the condition of probation "is so egregious as to be the equivalent of fundamental error." Id. at 1371. Although there is nothing in this record on appeal that suggests the crimes of grand theft and resisting recovery of merchandise were related in any way to the abuse of drugs, narcotics or controlled substances,[4] the appellant never objected as the appellant did in Biller. In Biller, the appellant made a contemporaneous objection to the trial court's imposition of a condition of probation that prohibited the use of alcohol. Here the appellant and his attorney stood mute.
Probation is a matter of grace and is subject to exercise of the trial court's discretion. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA) (en banc), rev. denied, 419 So.2d 1195 (Fla. 1982). If the appellant believes the trial court's imposition of a condition of probation is improper, the appellant must make a timely objection. The trial court can then reevaluate its sentencing plan in light of the objection and fashion a proper sentence. If the problem is with the sufficiency of the record to prove a nexus between the offense and the condition, the state can either cure the deficiency or the trial court can reconsider the condition of probation. Regardless of the outcome, the appellant must make a contemporaneous objection to preserve the appellant's rights on appeal unless the condition is egregious. Larson, 572 So.2d at 17. We hold that two year drug offender probation is a legal condition of probation and not so egregious as to constitute fundamental error; hence, the appellant should have objected to its imposition.
Lastly, we note that the first time the appellant considered this condition of probation to be egregious was on appeal. In fact, it was not mentioned as a ground in the renewed motion for judgment of acquittal and motion for new trial filed with the trial court nor was it specifically mentioned in the statement of judicial acts to be reviewed. The appellate counsel and the trial counsel are two different attorneys, but appellate counsel is bound by the objections made or not made by trial counsel. Since we have determined that drug offender probation is not so egregious as to be fundamental error, we will not consider this issue raised for the first time on appeal. Castor v. State, 365 So.2d 701 *1007 (Fla. 1978). Accordingly, the judgment and sentence is affirmed.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] § 812.014(2)(c)(1), Fla. Stat. (1991).
[2] § 812.015(6), Fla. Stat. (1991).
[3] The Phoenix Program is a vocational training program in the Orange County Jail. If an inmate successfully completes the program, he is certified as an apprentice and placed in a job once he is released from jail.
[4] At sentencing, the state produced a judgment and sentence from 1988 wherein the appellant had been convicted of possession of cocaine and placed on probation. The crime was too remote in time to show a nexus to the crime before this court. The state's arguments on appeal, to show that the appellant should be on drug offender probation, were that he gained weight while in the county jail awaiting trial and that the actions of the appellant show he committed this crime because he was guilty of "stupidity or supporting a drug habit." The validity of these arguments stand on their merit and this court gave them all the attention they deserved.