696 So.2d 1350 (1997)
C.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2340.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, C.M., a child, seeks review of the delinquency disposition order entered against him. In particular, he appeals the conditions of probation requiring him to write a fifty-word letter of apology to Mildred Hilo and to have no contact with Mrs. Hilo or her property. We affirm, finding that the conditions of probation were temporally and factually related to the crime for which he was convicted.
Appellant was charged with aggravated fleeing or attempting to elude a law enforcement officer based on the following facts. In the early morning hours of May 18, 1996, Mildred Hilo, observed an automobile following her while driving her husband to work. Upon dropping her husband off at work, she noticed that the same car had stopped across the street with its lights off. Again, Mrs. Hilo noticed the same car following her with its lights off on her return trip home. Too frightened to go home, Mrs. Hilo drove to the local police station and reported the incident to a police officer. A local police officer attempted to locate the driver and the vehicle matching Mrs. Hilo's description. Upon locating the vehicle, the officer activated his lights in an attempt to effect a traffic stop. Appellant refused to heed the warning, and accelerated, swerving across traffic, causing officers to give chase. Appellant was ultimately apprehended and arrested for aggravated fleeing or attempting to elude a law enforcement officer.
Appellant entered a plea of guilty to the charge of aggravated fleeing or attempting to elude a law enforcement officer, but objected to the imposition of those conditions of community control requiring him to write the letter of apology to Mrs. Hilo and to have no contact with her or her property. Appellant contended that Ms. Hilo was not the "victim" of any crime, and that his contact with her was only a factual precursor to the commission of the crime for which he was convicted. *1351 On appeal, appellant argues that those conditions were not appropriate sanctions for the offense of aggravated fleeing or attempting to elude a law enforcement officer.
We disagree. Under the specific facts of this case we find that the entire incident, viewed as a whole, constituted one continuous transaction, and thus, the conditions in question were reasonably related to the crime with which the appellant was charged and convicted. See Biller v. State, 618 So.2d 734 (Fla.1993). "So long as the condition is reasonably related to the offense, to the rehabilitation of the defendant or to protection of the public, it is a valid condition of probation or community control." Cassamassima v. State, 657 So.2d 906, 909 (Fla. 5th DCA 1995).
AFFIRMED.
WARNER and GROSS, JJ., concur.