726 So.2d 834 (1999)
A.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0389.
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction of robbery. We affirm the special condition of community control that required appellant to remove tattoos from his hands. The trial court was concerned that the tattoos were indicative of gang membership. The report from the Department of Juvenile Justice disclosed an extensive criminal history and ties to South Florida gangs. The legislature has recognized that certain tattoos can be indicative of criminal street gang membership. *835 See § 874.03(2)(d), Fla. Stat. (1997). Gang tattoos relate to future criminality in that they reinforce an individual's sense of belonging to the gang. There was no showing that appellant, who is twelve years old, had been lawfully tattooed with the written, notarized consent of his parent or legal guardian. See § 877.04(3), Fla. Stat. (1997). For these reasons, we do not find that the condition violates the criteria set forth in Biller v. State, 618 So.2d 734 (Fla. 1993).
DELL, KLEIN and GROSS, JJ., concur