PALMER, J.,
dissenting.
I respectfully dissent. I conclude that the majority opinion directly conflicts with the Fourth District Court of Appeal’s opinion in A.G. v. State, 726 So.2d 834 (Fla. 4th DCA 1999), which ruled that one of two independent grounds which supported the order for removal of the juvenile’s tattoo was that the tattoo had not been lawfully obtained. I agree with the reasoning of the Fourth District Court of Appeal and thus would affirm the trial court’s disposition order.
Furthermore, the issue of whether a minor can be criminally prosecuted under section 877.04 of the Florida Statutes is not properly before this court for resolution; however, in response to the majority opinion’s discussion of same, I note that, regardless of whether the defendant’s conduct in obtaining a tattoo was criminal, such conduct related to conduct which is in itself criminal as is required under Biller v. State, 618 So.2d 734 (Fla.1993). Additionally, with regard to whether it is a violation of the Florida Statutes for a minor to receive a tattoo, it is noteworthy that the language of subsection 1 of the statute, which relates to tattooing by an unlicensed person, specifically makes it unlawful for any person to tattoo the body of another without a license, whereas the language set forth in subsection 3, dealing with the tattooing of minors, does not limit its application to making it unlawful for any person to tattoo the body of a minor without parental consent. Rather, the language is more general, stating that no body of a minor shall be tattooed without consent.
Lastly, as for the majority’s footnote discussion regarding R.D.W.’s ability to afford to pay to have his tattoo removed, I note that this issue was neither raised in the trial court nor in the briefs filed by the parties on appeal.