975 So.2d 553 (2008)
Doreen CARONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-835.
District Court of Appeal of Florida, Fourth District.
February 6, 2008.
Rehearing Denied March 25, 2008.
Doreen Carone, Riverview, pro se.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
*554 PER CURIAM.
Doreen Carone appeals the summary denial of her rule 3.850 motion. One of the claims raised in her motion was that trial counsel provided ineffective assistance by failing to object to a special condition of probation that was unrelated to her crime.
To impose a special condition of probation, there must be a reasonable nexus between the condition and the crime committed. Biller v. State, 618 So.2d 734 (Fla.1993). The supreme court agreed that "a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Biller, 618 So.2d at 734-35 (quoting Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979)). In Biller, the supreme court found the special condition that the defendant not use or possess alcohol was not reasonably related to his convictions for carrying a concealed firearm and carrying a concealed weapon. Consumption of alcohol by adults is legal, and nothing in the record suggested that alcohol was related to his offenses, that he had a propensity to use alcohol, or that his judgment was affected by its use. As a result, the court concluded this condition could not legally be imposed.
In this case, Carone entered a plea to first-degree grand theft, and nothing in the record refutes her claim of ineffective assistance or shows that her offense was related to the use of alcohol. Because the trial court had no authority to impose this condition, and because the sentence was open to the court and the state will not lose the benefit of its plea bargain, we reverse and remand with directions to strike this special condition. See Epperson v. State, 955 So.2d 642 (Fla. 4th DCA 2007).
We affirm the summary denial of the remaining claims.
STONE, POLEN and DAMOORGIAN, JJ., concur.