KHOUZAM, Judge.
Ricardo Andres Pulecio appeals the order extending and modifying his probation. We affirm the extension of Pulecio’s probation without comment but reverse the order insofar as it imposes the special condition that “[s]elf-employment does not satisfy the employment requirement” and remand with instructions to strike the special condition.
Pulecio has been on probation for trafficking in cocaine since 2009. Whether or not he has met the employment condition of his probation has been disputed over the course of his supervision. See § 948.03(l)(c), Florida Statutes (2012) (providing that a trial court may require a probationer to “[w]ork faithfully at suitable employment insofar as may be possible”). Recently, Pulecio became self-employed as a computer repair technician. However, the State has had difficulty verifying Pule-cio’s employment and that his curfew violations were work related. Eventually, Pu-lecio violated his probation by committing a new offense. The court extended Pule-cio’s probation and, at the State’s request, added a special condition that “[s]elf-employment does not satisfy the employment requirement.” As described by the trial court, this condition did not prohibit Pule-cio from being self-employed — instead, it required him to seek another form of employment in order to satisfy the general employment requirement.
Pulecio claims the special condition is not reasonably related to rehabilitation and should be stricken. We agree. “[T]he constitutional rights of probationers are limited by conditions of probation which are desirable for the purposes of rehabilitation.” Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979). Therefore, trial courts have broad discretion in imposing conditions of probation, “but a special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation.” Id. “[A] condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Id. “All three Rodriguez factors must exist for an appellate court to strike a special probation condition as an abuse of discretion.” Austin v. State, 67 So.3d 403, 406 (Fla. 1st DCA 2011). However, a special condition of probation will be upheld if one of the fac *558 tors outlined in Rodriguez exists. Biller v. State, 618 So.2d 734, 735 (Fla.1993).
Here, there is no dispute as to the first two factors: the condition neither relates to the crime for which Pulecio was convicted, nor does it relate to conduct that is itself criminal. The State’s arguments focus on the third factor.
First, the State contends" that the special condition is justified because the State has had difficulty monitoring Pulecio in the past. However, such difficulties are not a factor to be considered under Rodriguez. See 378 So.2d at 9; see also Hussey v. State, 504 So.2d 796, 797 (Fla. 2d DCA 1987) (holding special condition prohibiting probationer from engaging in carnival work invalid where State argued that the transient nature of carnival work was incompatible with the concept of community control).
Next, the State argues that the condition is reasonably related to future criminality because the State needs to ensure that Pulecio is deriving his income from legal sources. While the State does have an interest in requiring Pulecio to “[w]ork faithfully at suitable employment insofar as may be possible,” § 948.03(l)(c), a trial court may not impose a special condition that is overbroad, see Rodriguez, 378 So.2d at 9 n. 3; Mays v. State, 349 So.2d 792, 793-94 (Fla. 2d DCA 1977). Here, the actual effect of the condition is that Pulecio may still work for himself but must seek additional employment to satisfy the general employment condition of his probation. Such a restriction is not “reasonably related to future criminality.” Rodriguez, 378 So.2d at 9.
Accordingly, we hold that the special condition regarding self-employment is invalid and remand to the trial court with instructions to strike the condition. The extension of Pulecio’s probation is otherwise affirmed.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, J„ Concurs.
ALTENBERND, J., Concurs with opinion.