NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RODNEY C. WILLIAMS,                          )
                                             )
          Appellant,                         )
                                             )
v.                                           )   Case No.  2D14-5500
                                             )
STATE OF FLORIDA                             )
                                             )
          Appellee.                          )
                                             )
_____)

Opinion filed January 15, 2016.

Appeal from the Circuit Court for
Hillsborough County; Emmett L. Battles,
Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

Rodney Williams appeals his judgment and sentence for grand theft in the

third degree.  Mr. Williams raises several issues on appeal.  We find merit in Mr.

Williams' argument that the trial court erroneously imposed certain special conditions of

probation and reverse and remand his probation sentence in part.  We affirm on all the remaining issues raised in this appeal without comment.

I.

A jury found Mr. Williams guilty of grand theft for his role in the theft of merchandise from a Walmart store.  At sentencing, the trial court adjudicated Mr. Williams a habitual felony offender and sentenced him to eighteen months in prison followed by four years of probation.  During the sentencing hearing, as the trial court considered the evidence and arguments concerning probation, the presiding judge remarked:

> The defendant also stated at the time he went to jail he was using marijuana daily.  He was also using cocaine and mollies on the weekends.  *And he also stated that he would drink alcohol every other day and on the weekends.*

(Emphasis added.)  Beyond this observation, there was no other evidence presented to the trial court concerning what role, if any, alcohol had ever played in Mr. Williams' life.  Nevertheless, the trial court fashioned the following special conditions as part of Mr. Williams' probation:

> 1 You must undergo a Drug and Alcohol evaluation and, if treatment is deemed necessary, you must successfully complete the treatment, and be responsible for the payment of any costs incurred while receiving said evaluation and treatment, unless waived by the court.
>
> 24  [D]efendant ordered no alcohol while on probation.[1]

While his direct appeal was pending, Mr. Williams filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, arguing that the trial

---

[1]The parties have assumed, as will we, that condition 24 prohibits Mr. Williams from consuming or possessing alcohol during his probation.

court erroneously imposed these special conditions on his probation. Citing this court's decision in Richardson v. State, 620 So. 2d 257, 257 (Fla. 2d DCA 1993), Mr. Williams contended that the special conditions the court imposed (1) had no relationship with the underlying crime for which he was convicted, (2) related to conduct which was not itself criminal, and (3) prohibited conduct that was not reasonably related to any prospect of future criminality.

The trial court denied Mr. Williams' motion, finding that the special conditions both related to criminal conduct and restrained conduct reasonably related to future criminality. Insofar as the special conditions prohibited his use or possession of alcohol, we disagree.

II.

Although a sentencing court enjoys broad discretion in fashioning special conditions to probation, it is not unbounded. See Carty v. State, 79 So. 3d 239, 240 (Fla. 1st DCA 2012) ("The trial court has broad discretion in imposing conditions of probation, but to be valid, the condition must be 'reasonably related to rehabilitation.' " (quoting Stephens v. State, 659 So. 2d 1303, 1304 (Fla. 1st DCA 1995))); Williams v. State, 474 So. 2d 1260, 1260 (Fla. 1st DCA 1985) ("A special condition of probation cannot be imposed if it is so punitive as to be unrelated to rehabilitation." (citing Kominsky v. State, 330 So. 2d 800 (Fla. 1st DCA 1976))).

The parameters of "relatedness," and what it would entail for special probation conditions, were substantially developed by our court in the case of Rodriguez v. State, 378 So. 2d 7, 9 (Fla. 2d DCA 1979), where we explained that "[t]he standard . . . for evaluation of probation conditions" was "that of relationship to

rehabilitation." We described three relational factors that should be considered whenever a court imposes a special probation condition:

> In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.

Id.

The Florida Supreme Court later approved of the analysis our court fashioned in Rodriguez. See Biller v. State, 618 So. 2d 734 (Fla. 1993). In Biller, the court struck a special condition of probation prohibiting consumption of alcohol for a probationer who had been convicted of carrying a concealed firearm and carrying a concealed weapon. Id. at 735. Although the sentencing court offered that the defendant's use of alcohol might impair his judgment, the Biller court was unpersuaded that this condition of probation sufficiently related to the nature of the convictions. Id. The court observed:

> While the judge need not make a finding, *a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez*. With respect to Biller, there was nothing connecting any use of alcohol with the crimes with which he stands convicted, and the use of alcohol by adults is legal. Furthermore there was nothing in the record . . . which would suggest that Biller has a propensity towards alcohol or that his judgment becomes impaired as a consequence of using it.

Id. (emphasis added).

In the case at bar, we discern two shortcomings with the special conditions imposed on Mr. Williams' probation. First, applying Biller and Rodriguez, we

- 4 -

cannot see how the facts of this case and the convictions for which Mr. Williams must now serve probation have any connection whatsoever with his consumption of alcohol under the first Rodriguez factor. Cf. Boyd v. State, 749 So. 2d 536, 536 (Fla. 2d DCA 2000) (holding that "the use or possession of alcohol, or associating with persons who consume alcohol, or frequenting places where alcohol is the main source of business" was "unrelated to the offense of solicitation or delivery of cocaine"). Indeed, the State does not appear to argue to the contrary in this appeal. And since consuming alcohol has been legal in the United States for quite some time now, the second Rodriguez factor is also clearly inapplicable to the case at bar. Turning to the third factor under Rodriguez, the absence of any evidentiary connection between Mr. Williams' prior criminality and alcohol use would seem to warrant some particularized evidence to show that, now, for whatever reason, his use of alcohol could fuel future criminal behavior on his part. There was no such evidence to be found in this record. Cf. Saidi v. State, 845 So. 2d 1022, 1027 (Fla. 5th DCA 2003) ("When a question is raised concerning the relevancy of a special condition of probation, the record must support the imposition of the condition." (citing McCarthren v. State, 635 So. 2d 1005, 1006 (Fla. 5th DCA 1994))). Thus, the special conditions prohibiting alcohol were not supported by any of the Rodriguez factors; for that reason, they must be stricken from Mr. Williams' probation.

But beyond the individuated Rodriguez factors, we would also note there was no showing that a prohibition against consuming alcohol could advance a broader goal of rehabilitating Mr. Williams in any meaningful sense. We could surmise that swearing off alcohol for the next four years might better Mr. Williams' general prospects

and overall outlook on life. Perhaps it could even improve the likelihood that he will complete the terms of his probation successfully. Cf. Pulecio v. State, 160 So. 3d 556, 558-59 (Fla. 2d DCA 2015) (Altenbernd, J., concurring) (noting that probationary condition against self-employment "may not fit within the three Rodriguez factors, but it would greatly increase the stability of Mr. Pulecio's life and assure that he had a far greater chance of satisfying" the general conditions of a ten-year term of probation). But without the link of a reasonable relationship between these special probation conditions and Mr. Williams' case, we are left with nothing but supposition. And supposition alone cannot warrant a restraint—enforced by the threat of state prosecution and incarceration—upon an otherwise lawful activity as a special condition of probation. Cf. Biller, 618 So. 2d at 735.

III.

Accordingly, we affirm the circuit court's judgment and sentence, except as to condition twenty-four and the portion of condition one, requiring Mr. Williams to be evaluated and treated for alcohol abuse, which we reverse and remand for the court to strike from Mr. Williams' probation.

Affirmed in part; reversed in part; remanded with instructions.


VILLANTI, C.J., and ALTENBERND, J., Concur.