CANADY, J.,
dissenting.
Because I conclude that the trial court acted within the broad discretion provided by section 948.03, Florida Statutes (2011), for trial courts ,to impose conditions of probation, I would approve the decision of the Third District on review. I therefore dissent.
The majority’s decision is based on a misreading of Biller v. State, 618 So.2d 734 (Fla.1993)—a misreading that unduly limits the discretion afforded to trial judges by section 948.03 to impose special conditions of probation. The statute provides that “[t]he court shall determine the terms and conditions of probation.” § 948.03(1), Fla. Stat. (2011), -' The statute" also provides that “[t]he [statutory] enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper.” § 948.03(2), Fla. Stat. (2011). We have recognized that this, discretion is *60 broad but not unlimited: “A trial court has the authority to impose any valid condition of probation which would serve a useful rehabilitative purpose.” Hines v. State, 358 So.2d 183, 185 (Fla.1978). More specifically, in Bitter we held that a special probation condition is valid only if it satisfies at least one of the three “circumstances” that were enumerated by the Second District Court in Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979), for “determining whether a condition of probation is reasonably related to rehabilitation.” Biller, 618 So.2d at 734-35. Here, the condition imposed on Villanueva requiring participation in mentally disordered sex offender therapy readily passes muster under Biller.
Rodriguez states:
In determining whether a condition of probation is reasonably related to rehabilitation, we believe the condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
378 So.2d at 9. Stated positively, under the Biller/Rodriguez analysis, a condition is valid if it either (1) has a relationship to the crime of which the offender was convicted, (2) relates to conduct that is in itself criminal, or (3) requires or forbids conduct that is reasonably related to future criminality.
The three-part Biller/Rodriguez analysis is derived from California law where it was first articulated in People v. Dominguez, 256 Cal.App.2d 623, 64 Cal.Rptr. 290 (1967), and subsequently adopted by the California Supreme Court in People v. Lent, 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545 (1975). In Lent, the court observed that “a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.” Lent, 124 Cal.Rptr. 905, 541 P.2d at 548. The court specifically considered whether a trial court imposing probation for a grand theft conviction erred in “imposing as a condition of probation restitution of funds involved in a related criminal charge of which defendant was acquitted.” Id. 124 Cal.Rptr. 905, 541 P.2d at 547. The court observed that “an order for restitution, i.e., attempting to make a victim whole, has generally been deemed a deterrent to future criminality ..., and the court is not limited to the transactions or amounts of which defendant is actually convicted[.]” Id. 124 Cal.Rptr. 905, 541 P.2d at 548 (citations omitted). The court also observed that the trial court was “convinced of the defendant’s responsibility” for the funds associated with the count for which the defendant received an acquittal. Id. Based on the record developed in the trial court, the California Supreme Court concluded there was no abuse of discretion in imposing the restitution that was based on acquitted conduct. Similar reasoning should be applied here.
Instead, however, the majority here adopts a cramped application of the Bil-ler/Rodriguez analysis to support its conclusion that the MDSO therapy probation condition imposed on Villanueva was invalid. In my view, the Third District correctly held that the probation condition could be upheld based on the conclusion that “the sex offender therapy at issue is rationally related to the crime for which Villanueva was convicted — the illegal and inappropriate touching of the child’s breast and buttocks.” Villanueva v. State, 118 So.3d 999, 1004 (Fla. 3d DCA 2013). But the majority reasons with respect to the first Biller/Rodriguez factor that the jury’s verdict acquitting Villanueva of lewd and *61 lascivious molestation “remov[es] any indication that Villanueva should be a candidate for sex offender therapy[,]” and the MDSO therapy probation condition therefore “is not reasonably related to Villa-nueva’s conviction for misdemeanor battery[.]” Majority op. at 54. Contrary to the majority’s reasoning, the evidence at trial shows that MDSO therapy is reasonably related to the circumstances of the commission of the offense — a battery involving an illicit touching of the victim’s breasts and buttocks. The trial court properly considered those circumstances and imposed a rehabilitative probation condition that is directly related to the circumstances of the offense and directly related to preventing the defendant from engaging in such illicit touching of children in the future.
I would also reject the view that section 948.30, Florida Statutes (2011), which requires the imposition of sex offender therapy for certain enumerated offenses, implicitly precludes the imposition of sex offender therapy in connection with unen-umerated offenses. Any such implication is nonsensical in view of the broad authority granted to trial courts by section 948.03. Nothing in section 948.30 suggests that it in any way limits the authority granted by section 948.03. There is nothing ambiguous about section 948.30, and there is no basis for the use of legislative history to rewrite the plain terms of the statute by reading in a limitation on a trial court’s general authority to impose conditions that the trial court “considers proper.”
Accordingly, I would approve the decision on review and I would disapprove the decision in Arias v. State, 65 So.3d 104 (Fla. 5th DCA 2011), as well as other decisions that employ similar reasoning.
POLSTON, J., concurs.