NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MAXON LOUIS,                            )
                                       )
            Appellant,                 )
                                       )
v.                                     )      Case No. 2D15-1507
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
                                       )
_____)

Opinion filed September 23, 2016.

Appeal from the Circuit Court for
Polk County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender,
and Judith Ellis, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General, for
Appellee.


CRENSHAW, Judge.

        Maxon Louis appeals his judgment and sentence for corruption by

threatening a public official and misuse of 911.  We affirm the conviction without

comment, but reverse and remand to strike a special condition of Louis's probation.

Louis was found guilty by jury of corruption by threatening a public official and misuse of 911. The trial court sentenced him to a concurrent 180 days' jail for both counts to be followed by three years' probation for the corruption charge. The trial court also required Louis, as a special condition of probation, to obtain a GED within two years of probation.

While Louis's direct appeal was pending, he filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error, arguing that the special condition of probation was invalid since it had no relation to his crime. The trial court filed an order to show cause, and in response the State conceded that the motion should be granted. When the trial court failed to rule on the motion, this Court issued an order stating that the time limit for judicial action had expired and the motion was deemed denied.

On appeal the State concedes, and we agree, that this court must strike the special condition of Louis's probation requiring him to obtain a GED. A sentencing court has broad discretion in imposing a special condition to probation, but the condition "must be reasonably related to rehabilitation." Carty v. State, 79 So. 3d 239, 240 (Fla. 1st DCA 2012); see also Williams v. State, 182 So. 3d 912, 913 (Fla. 2d DCA 2016). A special condition "is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Pulecio v. State, 160 So. 3d 556, 557 (Fla. 2d DCA 2015) (quoting Rodriguez v. State, 378 So. 2d 7, 9 (Fla. 2d DCA 1979)). The special condition imposed here meets all three factors.

Accordingly, we conclude that the special condition requiring Louis to obtain a GED is invalid, and we remand to the trial court with instructions to strike the condition.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and LaROSE, JJ., Concur.