DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD CARL CALDWELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-117

[May 18, 2022]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Daryl J. Isenhower, Judge; L.T. Case Nos. 562020AP000027 and 562019MM002042.

Carey Haughwout, Public Defender, and Ross Frank Berlin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Richard Carl Caldwell ("Defendant") appeals his convictions and sentences for forty-one counts of misdemeanor violation of a condition of pretrial release from a domestic violence charge pursuant to section 741.29(6), Florida Statutes (2019). On appeal, Defendant argues: (1) his convictions are fundamentally erroneous because he did not violate a condition of pretrial release within the meaning of section 741.29(6); (2) the county court considered an impermissible sentencing factor; and (3) the county court erred by imposing a mental health evaluation as a special condition of probation. We affirm on the second issue without further comment. For the reasons articulated below, we affirm on the first issue and reverse on the third issue.

The facts in this case are largely undisputed. Defendant was arrested for domestic battery in August 2019. At first appearance, the court set Defendant's bond at $15,000, and ordered that he have no contact with the victim as a condition of pretrial release. Defendant did not post bond and, consequently, was not released from jail.

While in jail on the domestic battery charge, Defendant made a plethora of phone calls to the victim. During several of the calls, Defendant acknowledged he could get in trouble for contacting the victim due to the no contact order. The State thereafter charged Defendant with fifty counts of misdemeanor violation of a condition of pretrial release from a domestic violence charge pursuant to section 741.29(6), Florida Statutes. At the trial on the violation charges, Defendant admitted to making the phone calls, and further admitted to intentionally using the phone credentials of other inmates for some of the calls. Nonetheless, Defendant testified that because he never bonded out after his initial arrest on the domestic battery charge, he did not believe the no contact condition applied.

The jury ultimately found Defendant guilty on forty-one of the fifty counts. The county court thereafter adjudicated Defendant guilty in accordance with the verdict, and sentenced him to an overall aggregate sentence on all counts of five years in prison followed by five years of probation. After the sentence was pronounced, the State requested the county court impose as a special condition of probation that Defendant undergo a mental health evaluation and submit to any recommended treatment. The only argument advanced by the State in support of the special condition was that the victim "would like" Defendant to undergo a mental health evaluation. The county court agreed to the special condition, stating "I don't suppose that could hurt." Defendant did not immediately object to the imposition of this special condition. Defendant later filed a rule 3.800(b)(2) motion to correct his sentence, arguing there was no reasonable nexus between the special condition and the crimes committed. The county court denied the motion. This appeal follows.

We begin our analysis by addressing Defendant's argument that his convictions are fundamentally erroneous because he did not violate a condition of pretrial release within the meaning of section 741.29(6), Florida Statutes. Section 741.29(6) defines the crime of violation of a condition of pretrial release and provides that:

> A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence . . . , commits a misdemeanor of the first degree . . . .

§ 741.29(6), Fla. Stat. (2019). Section 903.047, which is explicitly referenced in section 741.29(6), sets forth the conditions of pretrial release and provides in relevant part:

2

(1) As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant must:

(a) Refrain from criminal activity of any kind.

(b) If the court issues an order of no contact, refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure. *An order of no contact is effective immediately* and enforceable for the duration of the pretrial release or until it is modified by the court. The defendant shall be informed in writing of the order of no contact, specifying the applicable prohibited acts, before the defendant is released from custody on pretrial release. . . .

§ 903.047(1)(a)–(b), Fla. Stat. (2019) (emphasis added).

On appeal, Defendant argues he did not "violate a condition of pretrial release" within the plain and ordinary meaning of the language used in section 741.29(6). Specifically, he maintains that "[t]he plain and obvious meaning of the phrase 'violates a condition of pretrial release,' in the context of Sections 741.29(6) and 903.047, requires a defendant to post a bond and thereby effectuate his pretrial release before he can violate a condition of that release and commit the crime defined in Section 741.29(6)." Thus, because Defendant did not post bond to effectuate his release, his conduct could not constitute a violation of a condition of pretrial release. We disagree as Defendant's interpretation of section 741.29(6) ignores and renders meaningless the language in section 903.047(1)(b) providing that "[a]n order of no contact is effective immediately."

"When construing the meaning of a statute, we must first look at its plain language." *McKenzie Check Advance of Fla., LLC v. Betts*, 928 So. 2d 1204, 1208 (Fla. 2006). "It is a fundamental rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent" and "[e]ffect must be given to every part of the section and every part of the statute as a whole." *State v. Rodriguez*, 365 So. 2d 157, 159 (Fla. 1978). Moreover, "courts should avoid readings that would render part of a statute meaningless." *Unruh v. State*, 669 So. 2d 242, 245 (Fla. 1996) (quoting *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 456 (Fla. 1992)).

3

Here, because section 903.047 is referenced in section 741.29(6), both statutes must be construed together to harmonize the statutes and give effect to the legislature's intent. Section 741.29(6) provides that "[a] person who willfully violates a condition of pretrial release provided in s. 903.047 . . . commits a misdemeanor of the first degree." § 741.29(6), Fla. Stat. (2019). Section 903.047, in turn, sets out the conditions of pretrial release and includes as an available condition that the defendant "refrain from any contact of any type with the victim." § 903.047(1)(b), Fla. Stat. (2019); *see also Sheppard v. State*, 974 So. 2d 529, 531 (Fla. 5th DCA 2008) (recognizing that "[t]he conditions of pretrial release set out in section 903.047 . . . include the prohibition of contact by the defendant with the victim"). There is no language in either section dictating that a defendant must be released from jail in order to violate the condition of pretrial release prohibiting contact with the victim. To the contrary, the language in section 903.047(1)(b) expressly states that, "[a]n order of no contact is *effective immediately*." § 903.047(1)(b), Fla. Stat. (2019) (emphasis added). Simply put, the plain language of sections 741.29(6) and 903.047(1)(b) support the conclusion that a defendant can violate a condition of pretrial release prohibiting contact with the victim before being released from jail. Any other interpretation of the statutes would render meaningless the "effective immediately" language in section 903.047(1)(b).

Our holding is supported by Florida Standard Criminal Jury Instruction 8.25 and the Florida Supreme Court's interpretation of that instruction. Instruction 8.25, which was adopted in 2014, sets forth the elements the State must prove to convict a defendant of violating a condition of pretrial release under section 741.29(6) as follows:

1. (Defendant) was arrested for an act of domestic violence.

2. Before [his] [her] trial, (defendant's) release on the domestic violence charge *was set with a condition* of (insert condition of pretrial release in Fla. Stat. 903.047).

3. (Defendant) knew that a condition of [his] [her] pretrial release was (insert condition).

4. (Defendant) willfully violated that condition of pretrial release by (insert the manner in which the defendant is alleged to have violated pretrial release).

Fla. Std. Jury Instr. (Crim.) 8.25 (emphasis added). In adopting the standard instruction, the Florida Supreme Court stated: "Element number

4

two to instruction 8.25—i.e., 'Before [his] [her] trial, (defendant's) release on the domestic violence charge was set with a condition of (insert condition of pretrial release in Fla. Stat. 903.047)'—*reflects the interpretation that one can violate a condition of pretrial release before being released from jail.*" *In re Standard Jury Instructions in Crim. Cases— Instruction 8.25,* 141 So. 3d 1201, 1202 (Fla. 2014) (emphasis added).

The holding in *Santiago v. Ryan,* 109 So. 3d 848 (Fla. 3d DCA 2013), further supports our holding. In that case, the defendant was arrested and charged with aggravated stalking. *Id.* at 849. At first appearance, the trial court set bond and ordered the defendant have no contact with the victim as a condition of pretrial release pursuant to section 903.047(1)(b). *Id.* While still in jail, the defendant made several threatening phone calls to the victim. *Id.* Based on those calls, the defendant was arrested on a new case and charged with aggravated stalking, witness tampering, and violation of a temporary restraining order. *Id.* The trial court thereafter set a separate bond for the aggravated stalking and witness tampering charges, and released the defendant on his own recognizance on the remaining offenses. *Id.* The defendant ultimately posted bond in both cases and was released from jail. *Id.* at 849–50. When the defendant appeared before the trial court for his arraignment on the first case, the court *sua sponte* revoked his bond on that first case pursuant to section 903.0471, Florida Statutes. *Id.* at 850. That statute permits the *sua sponte* revocation of a defendant's pretrial release based upon a finding of "probable cause to believe that the defendant committed a new crime while *on pretrial release.*" *Id.* at 849 (quoting § 903.0471, Fla. Stat.).

On habeas corpus review of the order revoking the defendant's pretrial release, the Third District framed the legal issue presented as whether section 903.0471, Florida Statutes, "applies when the defendant commits new felonies from jail during the period between the setting of bond for previous offenses and his release." *Id.* In denying habeas corpus relief, the court rejected the defendant's claim that his new crimes were not committed "while on pretrial release" within the meaning of that phrase as used in section 907.0471, and concluded that the defendant's bond on the initial aggravated stalking charge could be revoked based on conduct occurring "after the bond on his first case [was] set but before he [was] released on the bond." *Id.* at 850. In so holding, the court also stated, "we think that the claim that a defendant is free to commit new crimes without endangering a previous order of pretrial release merely because he had not yet complied with the conditions requires an unsupportable anomaly in the statute, which . . . we will not approve." *Id.* at 851. Thus, although the *Santiago* case did not address section 741.29(6),

it nonetheless supports the notion that a defendant can violate the terms of pretrial release before being released from jail.

We next address Defendant's argument that the county court erroneously imposed a mental health evaluation as a special condition of probation. A court is statutorily authorized to impose "special terms and conditions of probation or community control." § 948.039, Fla. Stat. (2019). "To impose a special condition of probation, there must be a reasonable nexus between the condition and the crime committed." *Carone v. State*, 975 So. 2d 553, 554 (Fla. 4th DCA 2008); *see also* § 948.039, Fla. Stat. ("The terms and conditions should be reasonably related to the circumstances of the offense committed and appropriate for the offender."). A special condition of probation is therefore "invalid if 'it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.'" *Lizano v. State*, 239 So. 3d 714, 716 (Fla. 4th DCA 2018) (quoting *Biller v. State*, 618 So. 2d 734, 734–35 (Fla. 1993)).

The challenged special condition of probation in this case has no relationship to the charged crimes, does not prohibit conduct that is itself criminal, and does not appear to have any reasonable relationship to Defendant's future criminality. The State nonetheless argues that Defendant's "blatant disregard" of the no contact order demonstrates that he "had no understanding or appreciation" for the criminality of his conduct. However, criminality alone does not justify the imposition of a mental health evaluation as a special condition of probation, particularly in a case like the present where there is no indication Defendant's mental health played a role in his crimes. Thus, the special condition requiring Defendant to submit to a mental health evaluation must be stricken.

For the foregoing reasons, we affirm Defendant's convictions, reverse the portion of his sentence imposing a mental health evaluation as a special condition of probation, and remand for the county court to strike the special condition.

*Affirmed in part, reversed in part, and remanded.*

GERBER and KUNTZ, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**