QUINCE, J.
Victor Villanueva seeks review of the decision of the Third District Court of Appeal in Villanueva v. State, 118 So.3d 999 (Fla. 3d DCA 2013), on the ground that it expressly and directly conflicts with the decision of the Fifth District Court of Appeal in Arias v. State, 65 So.3d 104 (Fla. 5th DCA 2011), on the question of whether the trial court may order him to undergo mentally disordered sex offender (MDSO) therapy after a jury acquitted him of any sexual misconduct. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we find that the imposed probation condition is not limited to certain enumerated sex offenses but is invalid under this Court’s decision in Biller v. State, 618 So.2d 734 (Fla.1993).[1] We therefore quash the decision of the Third District and remand this case to the trial court to modify the terms of Villanueva’s probation.
FACTS
The Third District summarized the facts of this case as follows:
Villanueva was charged with one count of lewd and lascivious molestation of a child older than twelve, but less than sixteen years old. The victim, Y.V., was Villanueva’s daughter, from whom he had become estranged by the time the girl was nine. When Y.V. was twelve, her family ran into Villanueva and arrangements were made for Villa-nueva to visit with Y.V. During the visit, Villanueva touched Y.V.’s breast. Y.V. testified that the touching of her breast was not accidental and lasted for several seconds. When she reacted, he laughed. Later, in Villanueva’s car, he again put his hand on her breast. Finally, while Y.V. was in a bathing suit[2] at a swimming pool, he reached out and put his hand on her buttocks which caused her to exclaim, “hey, you touched me.” He apologized. Y.V. told her mother and, later, a teacher, who notified the police. Villanueva testified that he never touched Y.V.’s breasts.
Villanueva, 118 So.3d at 1001. The jury acquitted Villanueva of lewd and lascivious molestation but found him guilty of misdemeanor battery — a lesser included offense *49 of the molestation charge. Id. at 1001. The trial judge sentenced Villanueva to ninety days in jail followed by one year of probation. Id. As a special condition of that probation, the judge ordered Villa-nueva to complete MDSO therapy. See id. at 1000 & n. 1. As explained by the Third District, that term is not mentioned or defined in Florida’s statutory probation scheme, but the Third District assumed that the trial court was referring to sex offender therapy imposed pursuant to section 948.30(l)(c), Florida Statutes (2008). Id. at 1000 n. 1. That section sets forth additional conditions that must be imposed where the probationer has committed certain enumerated offenses and deems these additional conditions standard, not special, conditions for such probationers. While the charge of lewd or lascivious molestation is an enumerated offense within the statute, the crime for which Villanueva was convicted — misdemeanor battery — is not, ,
The trial judge explained his rationale for imposing the condition as follows:
I ordered ... [sex offender] therapy because he was found guilty of battery which is an illegal touching of someone else. That’s what he was charged with, was the illegal touching of someone else. They just didn’t find it to the same degree that the charging people did. Okay. That being the case, it was still an improper touching of his daughter, and he can acknowledge that in the sense of what it was and what he was found guilty of and go do the therapy, because he needs to learn that he can’t do that to children and family.
Id. at 1001. The judge also explained he was ordering the therapy “so that [Villa-nueva] can- get some insight into appropriate behaviors,” and specifically stated, “No, I want him to undergo MDSO therapy. It’s not an MDSO plea, it’s not an MDSO probation, just a condition of his probation.” The judge did not indicate under which statute he was ordering the therapy, but the probation order indicates that the therapy was imposed as a special condition of Villanueva’s probation, not as a standard condition.
Villanueva appealed the trial court’s decision, raising two related issues before the Third District: “(1) whether sex offender therapy as a condition of probation is restricted by statute to only certain enumerated sexual offenses; and (2) whether the imposition of that condition here comports with the. standards, governing probation announced by the Florida Supreme Court in Biller.” Id. at 1001. The district court determined, as to the first issue, that “while there are circumstances in which sex offender therapy is a statutorily-required condition of probation, sex offender therapy can still be imposed as a special condition of probation outside of those statutorily-required circumstances when the facts of the crime so warrant.” Id. at 1003. The court explained that section 948.30 “contains no language that prohibits these conditions from being selectively imposed on the probation” for crimes other than those enumerated in that section. Id. at 1002. In fact, the Third District noted instances in which courts and even the Legislature itself have already authorized “some of the individual conditions listed in section 948.30 to be imposed for offenses other than those listed in the statute.” Id. at 1002. The district court also noted that reading the statute as limiting imposition of the condition to only the enumerated offenses is inconsistent with the broad discretion given trial courts to determine what conditions will promote a probationer’s rehabilitation. Id. (citing §§ 948.03(2), 948.039, Fla. Stats. (2011)). Accordingly, the Third District found that “the statute does not prohibit a judge from selectively requiring sex offender therapy as a special condition of probation for oth *50 er offenses- where appropriate.” Id. at 1001 (emphasis added).
Villanueva’s second issue involved the application of our prior decision in Biller. In that case, we held that a special condition of probation “is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Biller, 618 So.2d at 734-35 (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)), Applying that decision here, the district court found that in determining whether imposition of MDSO therapy comports with Biller, the trial judge is not limited to the face of the conviction but may consider the facts and circumstances of the case, as reflected in the record. Villanueva, 118 So.3d at 1003. Considering the record before it in this casé, the Third District concluded that sex offender therapy is rationally related to Villanueva’s crime because “the only non-consensual physical contacts that could support the battery conviction” were both sexual in nature. Therefore, the court found that “[t]he special condition of probation that Villanueva undergo sex offender therapy [ ] bears a rational relationship to his rehabilitation” for “the illegal and inappropriate touching of the child’s breasts and buttocks.” Id. at 1003. The district court upheld the trial court’s imposition of MDSO therapy but remanded the case to the trial court to correct a scrivener’s error in the probation order. Id. at 1004. Villanueva now appeals on the basis of conflict jurisdiction.
ANALYSIS
Villanueva alleges conflict with Arias, in which the defendant entered a no contest plea to the charge of burglary of a dwelling with an assault or battery therein. Id. Although that charge was not one enumerated in section 948.30, the trial court imposed — as special conditions of the defendant’s probation — the sex offender conditions found in section 948.30. The Fifth District Court of Appeal relied on Sturges v. State, 980 So.2d 1108 (Fla. 4th DCA 2008), to find that it was improper to impose the sex offender conditions found in section 948.30 unless the defendant was convicted of a crime specified in that section. Arias, 65 So.3d at 104.
In Sturges, the Fourth District Court of Appeal held that application of “sex offender probation 'pursuant to sections 948.30 and 948.31, Florida Statutes (2005)” was inappropriate because Sturges was not convicted of one of the enumerated felonies for which those statutory provisions are imposed. 980 So.2d at 1109 (emphasis added). Thus, in that case, the sex offender probation conditions had been imposed mandatorily pursuant to section 948.30. The Fourth District did not have before it the question here: whether the conditions of sex offender probation can be imposed as special conditions of probation, not pursuant to the statute. In fact, the Fourth District concluded that a trial court “may impose probation and special conditions of probation which reasonably relate to- the underlying charges.” Id. (citing Biller, 618 So.2d 734). That statement implies that while trial courts may not impose sex offender probation as a mandatory condition under section 948.30 for crimes not enumerated in that statute, courts may be able to impose those conditions as special conditions for any crime, as long as the conditions satisfy Biller.
While the Fifth District in Arias indicated that it was relying on Sturges, it was instead extending Sturges to prohibit not only the mandatory imposition of sex offender conditions under the statute for non-enumerated offenses, but also the im *51 position of such conditions even as special conditions based on a trial court’s discretion. The Fifth District explicitly found that although the conditions found in section 948.30 were imposed as special conditions in. Arias, “this distinction does not negate the holding set forth in Sturges.” Arias, 65 So.3d at 105. That conclusion directly conflicts with the holding of the Third District in the instant case that “while there are circumstances in which sex offender therapy is a statutorily-required condition of probation, sex offender therapy can still be imposed as a special condition of probation outside of those statutorily-required circumstances when the facts of the crime so warrant.” Villanueva, 118 So.3d at 1003. To resolve this conflict, we first determine whether the imposition of this condition is limited to only those crimes enumerated within section 948.30, even if imposed as a special— rather than standard — condition of probation.
I. Whether Imposition of the Condition is Limited to Statutorily Enumerated Offenses
Villanueva contends, in line with the Fifth District’s decision in Arias, that because he was only convicted of simple battery, not lewd or lascivious molestation, the trial court is not allowed to impose upon him a condition that is mandatory for convicted sex offenders. The State contends, as found by the Third District in the decision under review, that the trial court is not restricted by the sex offender therapy condition being mandatory for sex offenders and has the authority to impose upon Villanueva any condition that is reasonably related to his rehabilitation under Biller.
As described above, the trial judge did not indicate the statute under which he was ordering MDSO therapy. The Third District assumed the imposed therapy referred to the sex offender therapy required to be imposed upon sex offenders in section 948.30. However, the trial judge could have instead been acting under one of the sections that grants broad discretion to trial courts to determine probation conditions. See §§ 948.03(2), 948.039, Fla. Stats. (2008). Such a view is particularly persuasive given that the probation order in this case indicates the MDSO therapy was imposed as a special, not standard, condition of Villanueva’s probation and section 948.30 imposes sex offender therapy as a standard condition. See § 948.30, Fla. Stat. (2008) (indicating that the conditions imposed pursuant to that section “shall be considered standard conditions of probation or community control for offenders specified in this section” (emphasis added)). Nonetheless, due to the conflict issue in this case, we resort to statutory interpretation, starting with the plain language of the statute, to determine whether section 948.30 prohibits this condition from being imposed, even as a special condition, for a non-enumerated offense.
Section 948.30 reads, in relevant part:
Additional terms and conditions of probation or community control for certain sex offenses. — Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
(1) Effective for probationers or community controllees whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 79k, s. 800.0k, s. 827.071, s. 8k7.0135(5), or s. 8k7.01k5, the court must impose the following conditions in addition to ¡all other standard and special conditions imposed:
*52 [[Image here]]
(c) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the probationer’s or community controllee’s own expense. If a qualified practitioner is not available within a 50-mile radius of the probationer’s or community controllee’s residence, the offender shall participate in other appropriate therapy.
§ 948.30(l)(c), Fla. Stat. (2008) (emphasis added). The plain language of the statute indicates that it only applies to “certain sex offenses” enumerated in the statute. However, the plain language also indicates that the statute only concerns circumstances in which the conditions must be applied. The statute does not contain any language prohibiting the permissive, rather than mandatory, imposition of the conditions within the statute to other offenses, under the trial court’s discretion. Therefore, the statute is ambiguous as to the question of whether the conditions contained therein may be imposed for probation when involving non-enumerated crimes.
We turn next to the canons of construction to aid in interpreting this ambiguous statute. The first is the well-established rule that we are not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute. Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 512 (Fla.2008). While we have supplied omitted words in situations where the legislative intent is clear, we will not do so where we are uncertain as to the legislative intent. Armstrong v. City of Edgewater, 157 So.2d 422, 425 (Fla.1963) (citing Haworth v. Chapman, 113 Fla. 591, 152 So. 663, 666 (1933) (explaining that courts should supply an omission only when the omission is “palpable,” the omitted word is “plainly indicated by the context,” and when necessary to make the statute conform to the Legislature’s obvious intent; but where “legislative intent cannot be accurately determined because of the omission, the Court cannot add words to express what might or might not be intended”)). Thus, “[w]hen there is doubt as to the legislative intent or where speculation is necessary, then the doubts should be resolved against the power of the courts to supply missing words.” Id. This principle is also known as casus omissus pro omisso habendus est or “nothing is to be added to what the text states or reasonably implies.” State v. C.M., 154 So.3d 1177, 1180 (Fla. 4th DCA 2015) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012)); see also Greenberg v. Greenberg, 101 So.2d 608, 609 & n. 3 (Fla. 3d DCA 1958) (citing case for the principle that “[a] casus omissus can in no case be supplied by a court because that would be to make laws”). In other words, a matter that is not covered by a statute is to be treated as intentionally not covered. See C.M., 154 So.3d at 1180.
This rule of statutory construction applies in several ways here. Section 948.30 indicates the circumstances under which sex offender probation conditions must be applied. It does not, however, indicate when those conditions may not be applied. Because this matter is not discussed by section 948.30, we must consider it purposely unaddressed and must not add any words or concepts to the statute to address it. Further, because there is some doubt as to whether the Legislature intended to allow sex offender conditions to be applied to probations for non-enumerated offenses, we must resolve this doubt against our supplying of any “omission” to address the issue.
*53 Even using the doctrine of in pari mate-ria, the result is the same. Sections 948.03 and 948.039 describe the broad discretion given to trial courts to determine probation conditions. See § 948.03(2), Fla. Stat. (2008) (“The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper.”); § 948.039, Fla. Stat. (2008) (“The court may determine any special terms and conditions of probation or community control. The terms and conditions should be reasonably related to the circumstances of the offense committed and appropriate for the offender.”). The statute at issue here modifies that judicial discretion by requiring courts to impose certain mandatory conditions in cases involving an enumerated list of offenses. Reading these two sections and section 948.30 in pari materia reveals the legislative intent to modify the trial court’s discretion with a mandatory rule only under certain circumstances. Thus, any circumstance falling outside of that mandatory rule would remain unchanged and instead be governed by the otherwise statutorily broad discretion typically afforded to trial courts.
Accordingly, we agree with the Third District’s finding that section 948.30 does not prohibit sex offender therapy from being imposed as a special condition of probation for an offense not enumerated as part of that statute. We disapprove Añas for its holding that sex offender probation conditions cannot be applied to non-enumerated offenses even when imposed as reasonably related special conditions under Biller based on the trial court’s broad discretion.
II. Whether Imposing MDSO Therapy as a Special Condition in this Case Violates Biller
In Biller, we approved the holding of the Second District Court of Appeal in Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979), that:
In determining whether a condition of probation is reasonably related to rehabilitation, ... a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
Id, at 9 (emphasis added). In other words, a condition is valid if it satisfies one of the following Biller factors: (1) has a relationship to the crime for which the offender was convicted, (2) relates to conduct that is criminal in nature, or (3) requires or forbids conduct that is reasonably related to future criminality.
In this case, the special condition that Villanueva attend MDSO therapy does not satisfy any of the Biller factors. As to the first, although he was charged with lewd and lascivious molestation,[3] Villanueva was convicted of the lesser-included offense of misdemeanor battery[4] for the unwanted touching of his daughter. The jury’s verdict indicates that the touching was not committed in a lewd and lascivious manner, thereby removing any indication that Villanueva should be a candidate for sex offender therapy. Therefore, the imposed special probation condition of attending MDSO therapy is not *54 reasonably related to Villanueva’s conviction for misdemeanor battery, and Biller has not been satisfied.
The second Biller factor asks whether the imposed condition relates to conduct that ⅛ criminal on its own. The conduct here — failure to attend counseling targeted toward sex offenders — is not a crime for someone who has been convicted of misdemeanor battery absent the imposition of the requirement by the trial court. Therefore, this factor is also not satisfied.
As to the final Biller factor — that the special condition requires or forbids conduct that is reasonably related to future criminality — the probation condition also fails. There is no record evidence that Villanueva had any prior convictions. Thus, there is no indication that he has a propensity to commit any particular crime, including child molestation or sexual battery. As such, requiring Villanueva to attend MDSO therapy cannot reasonably be considered a major deterrent to any future criminality. We hold that the imposition of MDSO therapy as a probation condition in this case is invalid based on our decision in Biller.
CONCLUSION
For the reasons stated in this opinion, we find that the imposed probation condition is not limited to certain enumerated offenses but is invalid under Biller. We quash the decision of the Third District on this basis alone and remand this case to the trial court for a modification of Villa-nueva’s probation conditions.[5] We also disapprove the Fifth District’s decision in Arias based on that court’s blanket holding that the sex offender probation conditions can never be applied to offenses not enumerated in section 948.30.
It is so ordered.
PERRY, J., concurs.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which LABARGA, C.J., concurs.
LEWIS, J., dissents with an opinion.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.

. We clarify and point out that four members of this Court agree that the probation condition at issue here is not reasonably related to the crime for which Villanueva was convicted, thereby entitling him to relief.

. The record in this case indicates that Y.V. wore a shirt and shorts in the pool, not a bathing suit.

. The elements of that crime are, in relevant part: the (1) intentional (2) touching (3) of the breasts, genitals, or buttocks (4) in a lewd or lascivious manner. § 800.04(5)(a), Fla. Stat. (2008).

. As relevant here, misdemeanor battery involves the intentional touching or striking of another person against that person’s will. § 784.03(1), Fla. Stat. (2008).

. Due to our holding invalidating the imposition of MDSO therapy in this case, Villa-nueva’s argument that imposition of the therapy as a probation condition violated his constitutional rights to due process of law and trial by jury under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and sections Nine and Twenty-Two of Article I of the Florida Constitution will not be addressed.