NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| JOSE APONTE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-4245 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed March 17, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Glenn T. Shelby, Judge.

Jose Aponte, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

Jose Aponte appeals the order denying his June 2015 motion to correct

illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We

conclude that the postconviction court did not err in denying relief and affirm. However,

we note that Mr. Aponte raised an issue on appeal that he had not raised in his rule

3.800(a) motion. Therefore, we cannot address the issue. See Derrico v. State, 924

So. 2d 970, 970 (Fla. 2d DCA 2006) ("[T]his court cannot address claims asserted for the first time on appeal."). Our decision is without prejudice to any right Mr. Aponte may have to file a facially sufficient motion under rule 3.800(a) challenging the imposition of the special conditions of sex offender probation in circuit case number CF07-7464. See Villanueva v. State, 200 So. 3d 47, 53-54 (Fla. 2016); Biller v. State, 618 So. 2d 734, 734-35 (Fla. 1993). If Mr. Aponte files such a motion, the postconviction court should not consider the claim as successive to the claims raised in the rule 3.800(a) motion at issue in this appeal.

      Affirmed.

NORTHCUTT and SALARIO, JJ., Concur.