DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIFFANY MICHELLE GELIGA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1984

[October 16, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562017CF001358AXXXX.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges her sentence after a no contest plea. She sought a downward departure based upon her mental disorder, but the trial court declined to depart. We reverse, because the court erroneously concluded that her mental condition must be connected to the criminal behavior in order to constitute a ground for departure.

Appellant pled no contest to one count of engaging in sexual activity with a minor who was sixteen or seventeen at the time of the offense. She was a teacher at a college where she met the victim. He was a high school student in a dual enrollment program at the college. At sentencing, she sought a downward departure sentence under section 921.0026(2)(d), Florida Statutes (2018), which provides that mitigating circumstances exist where "The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction . . . and the defendant is amenable to treatment." Appellant has such a disorder. Appellant had been the victim of childhood abuse, the details of which

were part of a confidential sentencing report available to the court.[1]  She was continually treated for emotional problems.

Her current mental health counselor testified at the sentencing hearing. She was treating appellant for bipolar disorder, including hypersexual behaviors which were part of the disorder.  Appellant had made progress, and the therapist was confident that she would continue to make progress if she continued her path of treatment.  The mental health counselor testified that she believed there is a relationship between the childhood trauma, appellant's bipolar disorder, and her recent behaviors.  Asked by the court what connection there was, the therapist explained that the childhood trauma, combined with the bipolar disorder, impacts appellant's current functioning.

After appellant testified, the court denied the motion for downward departure.  Specifically, the court stated:

> There were two possible mitigators.  One is the mental health issue and the other one might have been the -- that the victim was a willing participant, but I didn't really hear evidence of that fact.  **And I'm not convinced that I see the connection between the mental health and the conduct**.  **So I don't think there are grounds to depart.**

(emphasis added)  The court imposed a sentence of sixty-six months, the lowest permissible sentence under the Criminal Punishment Code, and two years of sex offender program.  The court expressed regret at having to impose this sentence.

Subsequently, appellant filed a Florida Rule of Criminal Procedure 3.800(b) motion to correct sentence in which she argued that the trial judge had erroneously believed that the mental disorder had to be related to the criminal behavior.  The motion was denied.  She appeals the sentence.

In *Banks v. State*, 732 So. 2d 1065, 1067-68 (Fla. 1999), the court described the two part process the trial court goes through on a motion for downward departure sentence:

---

[1] At the sentencing hearing, the judge admitted that he had read some, but not all, of the documents submitted.  As we are reversing for a new sentencing hearing, any sentencing judge needs to read all of the documentation of the defendant's prior history of mental disorder before making a determination on the sentence.

2

First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight.

Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case. In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Discretion is abused only where no reasonable person would agree with the trial court's decision.

(footnotes omitted.) The issue in this case involves Step 1 — whether there is a valid ground to depart. In this case, the court erred in concluding that the mental disorder must be connected to the criminal behavior in order to constitute a ground for departure.

Section 921.0026(2)(d) provides that a mitigating circumstance, for which a court may order a downward departure, is that "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." Contrary to the trial court's belief, there is no requirement that a defendant's mental health issue must have a connection to the criminal conduct to be a ground for downward departure. To require a connection would add words to the statute, contrary to the basic statutory construction principle that courts "are not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute." *Villanueva v. State*, 200 So. 3d 47, 52 (Fla. 2016).

Even if the statute required a connection between the mental disorder and the crime, the trial court's conclusion that no connection was proved

is not supported by the evidence. The only person who testified regarding the connection was appellant's therapist. She testified that there is a relationship between appellant's childhood trauma and her bipolar and current behaviors. She testified that appellant's current behavior is part of her bipolar disorder and is related to the criminal behavior. The State offered no evidence to the contrary.

Appellant also contends other grounds for downward departure were present. Section 921.0026(2)(f), Florida Statutes (2018) provides a separate mitigator if "[t]he victim was an initiator, willing participant, aggressor or provoker of the incident." The court mentioned below that there was a lack of evidence that the victim was a willing participant. We agree that no evidence was presented at the hearing to support this ground. No other grounds were proffered at the hearing.

Because the trial court erred as a matter of law in determining that the mental health condition for which appellant requires treatment had to be connected to the criminal conduct, we reverse and remand for a new sentencing hearing.

GROSS and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***